IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Chadwick Sheets, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:20-cv-1024 |
| Mid-Minnesota Management Services, d/b/a Collection Resources, a Minnesota corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Chadwick Sheets, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.   Plaintiff, Chadwick Sheets, ("Sheets"), is a citizen of the State of Indiana, residing in the Southern District of Indiana from whom Defendant attempted to collect

defaulted consumer debts that he allegedly owed for medical services to Center for Diagnostic Imaging.

4. Defendant, Mid-Minnesota Management Services, d/b/a Collection Resources ("Collection Resources"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts, that it did not originate, in the Southern District of Indiana. In fact, Collection Resources was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Although Defendant Collection Resources is not authorized to conduct business in Indiana, Defendant Collection Resources in fact, conducts business in Indiana.

6. Although Defendant Collection Resources is not licensed as a debt collection agency in the State of Indiana, Defendant does, in fact, act as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7. On April 10, 2018, Mr. Chadwick filed a Chapter 7 bankruptcy petition in a matter styled In re: Chadwick, S.D.Ind.Bankr. No. 18-02571-RLM-7. Among the debts included in Mr. Chadwick's bankruptcy was a medical debt that he allegedly owed to Center for Diagnostic Imaging, see, excerpt of Schedule E/F, attached as Exhibit A.

8. Accordingly, on April 14, 2018, Center for Diagnostic Imaging, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as

Exhibit B.

9. Moreover, on July 18, 2018, Mr. Chadwick received a discharge of his debts, and on July 20, 2018, Center for Diagnostic Imaging was sent, via U.S. Mail, notice of the discharge by the court, see, the Certificate of Service to the Order of Discharge, which is attached as Exhibit C.

10. Nonetheless, Defendant Collection Resources sent a collection letter, dated December 12, 2019, directly to Mr. Chadwick, demanding payment of the Center for Diagnostic Imaging debt he allegedly owed prior to the bankruptcy. This letter stated, in pertinent part:

\* \* \*

> This notification is to inform you that we have just received written authorization from Center For Diagnostic Imaging to have our attorney file suit against you for $538.35. We remind you that any additional costs may be your responsibility.
>
> Unless we hear from you immediately at the above number, our attorney will proceed accordingly.

\* \* \*

A copy of this collection letter is attached as Exhibit D.

11. In fact, Center For Diagnostic Imaging has not filed a lawsuit against any consumer in Indiana for over five years

12 Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Moreover, Defendant's collection demands to Mr. Chadwick, after he had filed bankruptcy, made him believe that his exercise of his rights, through filing bankruptcy may have been futile and that he did not have the right to a fresh start that

Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA. Moreover, this collection demand and threat of a lawsuit alarmed, confused and worried Mr. Chadwick.

13. All of Defendant Collection Resources' collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A), as well as the false threat to take an action that cannot be legally taken, or that is not intended to be taken, see 15 U.S.C. § 1692e(5).

17. Defendant's letter was false, deceptive or misleading because it: a) falsely claimed that "we just received authorization from Center For Diagnostic Imaging to have our attorney file suit against you for $538.35", when, in fact, Defendant's client has not sued anyone in Indiana in over five years; b) falsely demanded payment of a debt discharged in bankruptcy; and c) falsely claimed that a lawsuit could be filed when the

debt had been discharged. Thus, Collection Resources' letter violates § 1692e of the FDCPA.

18.     Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

21.     Defendant's letter used unfair or unconscionable means because it: a) falsely claimed that "we just received authorization from Center For Diagnostic Imaging to have our attorney file suit against you for $538.35", when, in fact, Defendant's client has not sued anyone in Indiana in over five years; b) falsely demanded payment of a debt discharged in bankruptcy; and c) falsely claimed that a lawsuit could be filed when the debt had been discharged.  Thus, Defendant's violated § 1692f of the FDCPA.

22.     Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

23.     Plaintiff, Chadwick Sheets, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt, via the same form collection

letter (Exhibit D), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

24. Plaintiff, Chadwick Sheets, brings this action individually and as a class action on behalf of a Sub-class of all persons similarly situated in the State of Indiana, who had filed for bankruptcy, and as to whom Defendant attempted to collect a defaulted consumer debt, via the same form collection letters (Exhibit D), that Defendant sent to Plaintiff, which threatened to file a lawsuit on a debt that was discharged in a bankruptcy, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

25. Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Sheets, in its attempts to collect defaulted consumer debts from other persons.

26. The Class and Sub-Class consist of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts, by sending other consumers the same form collection letter it sent Plaintiff Sheets.

27. Plaintiff Sheets' claims are typical of the claims of the Class and Sub-Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

28. The prosecution of separate actions by individual members of the Class and Sub-Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

29. Plaintiff Sheets will fairly and adequately protect and represent the interests of the Class and Sub-Class. The management of this class action is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class and Sub-Class, because Defendant's conduct was perpetrated on all members of the Class and Sub-Class and will be established by common proof. Moreover, Plaintiff Sheets has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Chadwick Sheets, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify the class and sub-class in this matter;

2. Appoint Plaintiff Sheets as Class Representative of the Class, and his attorneys as Counsel to the Class;

3. Find that Defendant's collection actions violated the FDCPA;

4. Enter judgment in favor of Plaintiff Sheets and the Class, and against

Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Chadwick Sheets, individually and on behalf of all others similarly situated, demands trial by jury.

                          Chadwick Sheets, individually and on behalf of all others similarly situated,

                          By: /s/ David J. Philipps
                          One of Plaintiff's Attorneys

Dated:  April 2, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com